UNITED DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO

KEVIN P. CURRY,
        Plaintiff

        vs

MARGARET MARSHALL, CHIEF JUSTICE ET ALS,
                Defendants

## COMPLAINT AND JURY DEMAND ON ALL COUNTS

Plaintiff, Kevin P. Curry's, Complaint of the
Defendants as set forth below:

### JURISDICTION

The Court has jurisdiction over the subject matter of the
Plaintiff's claims against the Defendants as they arise
under the Constitution of the United States 42 USC 1983 and
all relevant sections 1983,1333, 1343, 1367 et seq but not
limited to the above sections. Venue is properly within the
District of this Court pursuant to 18 U.S.C 1965 et seq.

### PARTIES AND PRELIMINARY STATEMENT

1. The Plaintiff, Kevin P. Curry, hereinafter "Curry",

   is a resident of 2 Blossom Hill Road, Winchester,

   Massachusetts, and a citizen of the United States,

2. Curry was a member of the Bar for forty years, 1968-

   2008, without any disciplinary matters until he was

   disbarred in the case of In The Matter of Curry,

   hereinafter "The Decision", 450 Mass 503, (2008).  In

I

a related matter, Gary Crossen was also disbarred, 450 Mass, 533 (2008). hereinafter "Crossen". The disbarment is state action under sec 1983.

3. The Defendants are the Justices of the Supreme Judicial Court and the governing body of the Massachusetts Judicial System, which authored the above decision that was decided on February 5, 2008. The Justices are Chief Justice Margaret H. Marshall and Justices Roderick Ireland, Judith Cowin, Margot Botsford, Francis X Spina Robert Cordy and Ralph Gants who replaced John Greaney. All of the Justices save Justice Ganz and Justice Cordy participated in the decision and are state actors under sec 1983. Justice Cordy recused himself from hearing the case. The Court created the office of Bar Counsel and Board of Bar Overseers.

4. The Defendant, the Attorney General, Martha Coakley, is named as a necessary party as she is charged by statute **M.G.L. sec 13** to appear for the Commonwealth and state agencies in suits in which the Commonwealth is named or has an interest.

5. The "disbarrment" deals with Curry's activities in the Demoulas litigation. Demoulas v Demoulas, See 424 Mass, 501 (1997), 428 Mass, 51 (1998)

2

involving a family business with one billion

dollars at stake and an investigation of the

Demoulas case conducted for the 'Telamachus

Demoulas family" Defendants" by Curry and Ernest C.

Reid, a licensed private investigator (deceased

2001).

### INDIVIDUALS REFFERED TO IN THE COMPLAINT

6.a) Maria Lopez "hereinafter Lopez" resigned

from the Superior Court and the Bar and was sued by

her first husband for cruel and abusive treatment

prior to her first judicial appointment to the

Chelsea District Court in 1988. Lopez was one of

Four Judges in Massachusetts's history to have a

Bill of Impeachment filed in the House of

Representatives against her.

### FINDINGS OF JUDGE GEORGE DAHER ON JUDGE LOPEZ

In his findings in the disciplinary proceeding involving
now former Justice Lopez, Hon. George Daher, retired
Chief Justice of the Housing Court Department, stated
"Even beyond the charged misconduct Judge Lopez has shown
her total disregard for the judiciary, the public
interest, and the Code of Judicial Conduct by **PROVIDING
FALSE TESTIMONY** (emphasis added) during the Commission's
investigation and in this hearing. Judge Dahers report to
The Committee on Judicial Responsibility

3

b) Paul Walsh, hereinafter "Walsh" and two lawyers
who aided him were given immunity for a false bar
application filed by Walsh by Office of Bar
Counsel. Walsh and his counsel called several press
conferences; authored a number of unsigned
affidavits and essentially held himself out as a
dupe and pawn and deliberately drew attention to
himself. Although he and counsel at press
conferences alleged his rights were violated, they
let the statute of limitations run on any civil
action against any party. Within days of calling one
of his numerous press conferences, Walsh signed a
book deal brokered by his lawyer. The book deal
failed.

c) John Berman, (hereinafter "Berman") who
brought the Plaintiffs Demoulas case into his law
firm, Davis & Malm, was indicted, convicted of
embezzling client's funds and resigned from the
Bar. His fees from the Demoulas case along with
Davis Malms' were attached by former clients  from
whom he embezzled money in the Norfolk Superior
Court

4

d) Robert Gerard, formerly of Davis & Malm,

hereinafter {"Gerard"} lead trial counsel for the

Plaintiffs in the Demoulas cases, was indicted in

the U.S. District Court of Massachusetts, for

conversion of government funds and wire fraud. He

pled guilty to conversion of fund from 1987- 2004

and resigned from the Bar. (Cr Docket 10089 RWZ-

ALL).

## THE SUPREME COURT DECISION

7. The Decision of the Supreme Judicial Court

disbarring Curry, which is the crux of the matter

states:

   " His misconduct began with baseless insinuations
   to the Telemachus Demoulas family that he knew
   Judge Lopez was predisposed against them and
   that he could gather other evidence of the
   Judge's misconduct"(at page 522)

   " Harm to the administration of justice. Curry's
   conduct was self-evidently "prejudicial to the
   administration of justice," in violation of DR
   1-102(A)(5), for at least two reasons.  First.
   …was to discredit and thereby disqualify
   Judge Lopez in an ongoing matter, even though
   he had no credible evidence of any kind to
   suspect Judge Lopez of a scintilla of bias
   against the defendants, or of any other judi-
   cial misconduct. (at page 525)

   " Judge Lopez had decided the shareholder deri-
   vative case against them before opening state-
   ments in the case.  Specifically, he told them
   among other things, that the case was "over

5

before it began." He proceeded to make sala-
cious and disparaging remarks about Judge
Lopez's character on and off the bench, and
also about the character of the Plaintiff's
attorneys. Curry told Telemachus and the
others that Judge Lopez had previously done
"a big favor" for another individual in a
"big case." Curry told them that their case
was "fixed." However, at the time he made
this presentation, Curry, in the words of the
special hearing officer "had no documentation
to support any of his scurrilous charges."
(at page 509-510)

Although unsuccessful, the ruse, which we de-
scribe below caused needless embarrassment to
a judge, an attorney and their respective
families…"(at page 506)

### THE ACQUITAL

8. The Special Hearing Officer rejected Bar

Counsel's charge that Curry's Conduct also

violated Canon DR-7-102 C

**(1) BECAUSE I FIND CURRY'S INQUIRIES HAD AN
OBJECTIVE- DISQUALIFYING JUDGE LOPEZ AND
THEREFORE WAS NOT TAKEN MERELY TO HARASS OR
MALICIOUSLY INJURE ANOTHER.**

And she further found:

" Walsh admitted he told Curry and LaBonte
that he had written the entire Demoulas de-
cision, but he denied making any statements
about Judge Lopez's thinking on the case or
that she was predisposed. I do not credit
Walsh's testimony on this point. I find that
he did tell Curry and LaBonte that Judge
Lopez was biased and predisposed to the
Plaintiff. In the Supplemental Affidavit
Walsh drafted after he learned of the ruse,

> he recounted that Crossen had told him
> Walsh had told several people that Judge
> Lopez was biased during the trial.  In that
> Affidavit, Walsh reported his response
> to Crossen that he had made those statements"

> I find that based on Curry and LaBonte's testi-
> mony in their notes, as well as Walsh's
> statement and his supplemental Affidavit, that
> he told Curry and LaBonte that Judge Lopez was
> biased.  I also find that Walsh told Curry and
> LaBonte that Judge Lopez told him before the
> trial began who " the good guys and bad guys
> were" and "who the winners and losers were
> going to be."

9. The following are all of the charging

   allegations in the Petition for discipline:

### COUNT ONE CHARGING ALLEGATIONS  HALIFAX

60.  The respondent Kevin Curry's conduct in de-
     devising and participating in a scheme to
     induce a law clerk under false pretenses in-
     to disclosing confidential communications
     with a judge regarding the decision-making
     process in a case violate Canon One, Disci-
     plinary Rules 1-102(A)(2) and (4)-(6), and
     Canon Seven, Disciplinary Rule 7-102(A)(5)
     and (7), set forth in paragraph 148 below.
61.  The respondent Kevin Curry's conduct on behalf
     of a client in holding out to a former law
     clerk the false promise of a lucrative
     employment involving the international
     practice of law for a sham multinational corp-
     oration, in falsely representing the respon-
     dent's identity and the identity of his
     associated, and in luring the former law clerk
     out of the Commonwealth on the false pretext
     of a job interview for the purpose of

inquiring into the deliberative processes of a
judge in a case tried before her violated
Canon One, Disciplinary Rules 1-102(A)(2) and
(4)-(6), and Canon Seven, Disciplinary Rules
7-102(A)(5) and (7), as set forth in paragraph
148 below.

62.   The respondent Kevin Curry's conduct inquiring
      into the details of the personal life of a
      former law clerk and of the judge for whom he
      clerked in order to gain potentially damaging
      personal information for use in a pending
      legal matter violated Canon One, Disciplinary
      Rule 7-102(A)(2), (5) and (6) and Canon Seven,
      Disciplinary Rule 7-102(a)(1) and (7) as set
      forth in paragraph 148 below.

#### COUNT TWO CHARGING ALLEGATIONS   NEW YORK

102  Curry's conduct in planning executing and
     or participating in a scheme to induce former
     law clerk to travel to New York under the
     pretext of a job interview in order to tape a
     conversation with him without his knowledge and
     consent violated Canon One, Disciplinary rules
     1-102(A)(2) and (4)-(6) and Canon Seven,
     Disciplinary Rules 7-102(A)(5) and (7) as set
     forth in paragraph 148 below.

103  Curry's conduct in planning executing and or
     participating in a scheme to induce a former
     law clerk to make damaging or compromising
     statements about himself or about how the judge
     for whom he clerked with the false inducement
     of a lucrative employment as in house counsel
     handling an international practice in order to
     force the judges recusal or undermine her
     decision in an on going case violated Canon 1-
     102 A (2) and 4-6 and canon 7 Disciplinatu Rule
     7-103 A (5) and (7) in paragraph 150

(A true copy of the charging allegations are
attached as 'A')

10. **The Disciplinary Hearing Transcript states the**

**Record on the relevant testimony.**

    Curry:

A.To support the proposition that the Demoulas
case began in Tony Pelusi's office over a
small criminal matters that were well taken
care of, were sharpened, wound up at Davis
Malm, was over from the beginning, and acts
of judicial misconduct conducted by Judge
Lopez let me finish—and that the people that
brought it in at Davis Malm had serious
financial and personal problems that
warranted
them to do what they did.

    Bar Counsel:
Q.  What did you understand or what are you
Intending to communicate by the phrase
over from the beginning?

    Curry:
A.  That the case was over before it began.

Bar Counsel then went on to a different
issue:

Q.That the case was decided before it was
ever tried, is that what you mean?
Curry:
A.  Yes, ma'am.

### **Curry: ON DIRECT EXAMINATION**

A. I said, let me tell you about Judge Lopez.
A year after her husband sued her for
divorce for "cruel and abusive treatment",
They had to shut her up.  She is Bellotti's
mistress.  She was passed on to Bill Dela-
hunt.  She made a stop with a guy named
Harry Spence, and she wound up with Tommy
Drechsler, who is Finneran's law partner.

> Finneran was then majority leader.  My
> understanding is she took care of Finneran
> in a big case.
> I then asked the question whether I knew
> the name of the case. And I told them no.
> And they then asked me…
> Bar Counsel:
> Q. You said Finneran, did you mean Finneran or
> Drechsler?
> Curry:
> A. I meant, she did a big favor for Drechsler
> whom she was seeing at the time.

11. The case referred to at the first meeting

    with the Demoulas family was later

    identified and testified at the Board

    Bar Overseers hearing is **Commonwealth v.**

    **O'Rourke, B.M.C. CR-01-9-01-CR-475.**


12. There is attached and marked B, the Summary

    of Bar Counsel's position, showing that the

    issues were not the issues on which the Court

    decided the case and were not the charges or

    issues in the case until created by the Court.

    The Court simply created new issues on appeal,

    which Curry was not given notice of nor given the

    opportunity to be heard. Walsh confirmed what

    Curry told the Demoulas family,i.e.that the case was

    over from the  beginning and that Judge Lopez was

    biased, as evidenced by the Special Hearing

Officer's Report.

## DEMOULAS CASE

13. Since the Court felt it important-to point out that
Curry had a lack of evidence in his first meeting
with the Demoulas' family, even though he was not
charged with same, had he been so charged, the
evidence would have been that the Demoulas case was
'over from the beginning.'  Walsh had confirmed this
and the Special Hearing Officer so found.

14. The information that Curry and Reid gave at a
private meeting with the Demoulas's family was
that the lawyers (Berman and Gerard) had serious
personal and financial problems, which caused
them "to do what they did." (See par 4 and 10)
John Berman, who brought  the case to Davis Malm,
was indicted and resigned from the Bar for clients'
funds abuse. Reid and Curry investigated Berman in

**Callahan v. Berman, et als, Suffolk CA 89-2783**

and were aware of his financial problems six
years before meeting with the Demoulas'and two years
before the Demoulas case began. Curry was
counsel in the above case for the Callahan.

15. Prior to meeting the Demoulas's, Curry and Reid

knew that Robert Gerard had serious personal and financial problems. He had been embezzling social security funds for many years and would later be indicted on March 31, 2004 by the US Attorney's office for wire fraud and conversion of government funds and plead guilty to conversion of government funds and resigned from the Bar.

16. Curry had a proprietary-property right in his law license, which was his sole means of support, **U.S V Roth** **408 U.S.564 (1972)** and under the due process clause of the 14th Amendment, was entitled to be given opportunity and notice to be heard on the issues of his disbarment.  This he was denied, and the decision was ex post facto. The then state-of-the-law in the First Circuit in Massachusetts was that Curry had conformed his conduct to the existing law and that a pretextural interview was appropriate and lawful; that he was acquitted by the Hearing Officer of charges (see par 8 "objective to- disqualifying Judge Lopez") and, therefore, was not taken merely to "harass or maliciously injure another " and the Supreme

Court only disbarred him in part for that for
which he was acquitted.i.e. "harm to the Judge and
her family" (see par 6). Furthermore, his First
Amendment rights of free speech were violated,
wherein he was acting as a lawyer and was
disbarred for statements made to Telamachus
Demoulas and his son in a private meeting, which
were

true, or he had a good faith belief that they were
true. He was never given notice or the
opportunity to be heard on the issue of lack of
evidence which, had he been given, would have been
conclusive that the Demoulas case was over from
the beginning.

### STATE OF THE LAW

17. Curry conformed himself to the then existing
decisional law on these issues. As of Labor Day
1995 when the investigation began, the state of
the law in Massachusetts and the First Circuit
was that there was nothing improper or unethical
with a pretextural investigation, even if called
a "ruse" and no one was ever charged by Bar

Counsel, which was created by the Justices.Prior to this case was the first instance wherein an attorney was sanctioned by the justices and such sanction is ex post facto These issues were raised in the Good Zalkind cases, See **United States v Cooper 675 F Supp 753,756 (D. R.I 1987).** The conduct referenced in Cooper include arranging a pre-textural investigation and included arranging a taped conversation in New York where,unlike in Massachusetts, one could lawfully record any conversations. Judge Laguerex, in the Rhode Island Federal Court referred his findings to the Massachusetts Board of Bar Overseers in Massachusetts, which imposed no sanctions on either Attorneys. Zalkind or Good. The First Circuit vacated the revocation of Attorneys Zalkind's pro hac vice status in Rhode Island 1st **Cir In Re Norman Zalkind, 872 F 2 1 11- 1989.** The Court, ex post facto, created a new standard and applied it retroactively. See also " **In the Matter of Certain Complaints Under Investigation By and Investigating Committee of the Judicial Council of the Eleventh Circuit 783 F 2.1488 (19860"Judge Hastings"**

18. The Special Hearing Officer quashed a subpoena

on Judge Lopez. Justice Greeney, upon Appeal,
allowed  this issue to be revisited, ( See C). Lopez
was never called as a witness because on the
state of the evidence at the hearing and the issues
raised, her testimony would have been immaterial.
However, because of the Court's decision, that
addressed issues that he was not charged with in
the Petition by The Office of Bar Counsel, i.e. lack
of documentation at the first meeting with the
Demoulas family, that the case was fixed, and the
hurt caused to Judge Lopez, she was a material
witness and Curry's rights to due process were
violated. These issues were never tried because
Curry was never charged with these issues, and,
, a new theory was promulgated after the
fact by the Justices. His rights were violated under
Article 6 of the Federal Constitution.

19. The Decision asserts Curry statements stirred up the
Demoulas' family.  However, the evidence, if it had
been an issue raised by Bar Counsel, would have been
that the Demoulas' had been told by others that the
case was fixed and who had fixed it before they met
Curry.

## **COUNT ONE VIOLATION OF DUE PROCESS**

20. The Plaintiff reaffirms and realleges paragraphs
    1-19 of this Complaint and incorporates them by
    reference as if fully set forth and pled herein.

21. The Plaintiff was never given notice of the charges
    against him upon which the Court acted (See par.1-
    8).

    The major basis of the disbarrment dealt with his
    meeting with the Demoulas family and that the
    statements he made to them " were baseless
    innuendos" and everything flowed from that.   The
    Plaintiffs was denied the right to notice and
    hearing. If these charges had been made, the
    compelling evidence would be that they were true or
    the Plaintiff had a good faith belief that they were
    true.

22. The Plaintiff had a right to be given notice of
    the charges against him and the opportunity to be
    heard on these issues and had a proprietary right
    in his bar license which could not taken without
    due process, which he was denied.

WHEREFORE THE PLAINTIFF MOVES FOR JUDGMENT ON COUNT ONE.

**COUNT TWO VIOLATION OF FIRST AMENDMENT**

**RIGHT TO FREEDOM OF SPEECH**

23. The Plaintiff reaffirms and realleges paragraphs
    1-22 of this Complaint and incorporates them by
    reference, as if fully set forth and pled herein.

24. The Plaintiff was disbarred in part for statements
    he made to the Demoulas family at a private
    meeting, violating his First Amendment rights and
    his right to act as counsel and, to the extent that
    the Justices will plead that the statements were
    false, he was never charged with that allegation,
    and had he been so charged, the compelling evidence
    is that the statements were true, or the Plaintiff
    had a good faith belief that they were true.

WHEREFORE, THE PLAINTIFF MOVES FOR JUDGMENT UNDER
COUNT TWO

**COUNT THREE VIOLATION OF EX POST FACTO**

25. The Plaintiff reaffirms and reallages paragraphs 1
    through 24 of this Complaint and incorporates them

by reference as if fully set forth and pled herein.

26. The state of the law as of the date of the activities of Curry was that his conduct was lawful, proper and did not violate any code of conduct, and to conduct a pre textural interview was proper to the extent the Defendants allege there is an exception because of the Plaintiffs unfounded statements (see par 5). The Plaintiff was never charged and the evidence was compelling that Judge Lopez had committed corrupt acts in the Demoulas and O'Rourke cases.

WHEREFORE THE PETITIONER PRAYS FOR JUDGMENT UNDER COUNT THREE

## COUNT FOUR VIOLATION OF DUE PROCESS (2)

27. The Plaintiff reaffirms and reallege par 1-26 of this Complaint and incorporates them by reference as if fully set forth and pled herein.

28. The Plaintiff was acquitted by the Special Hearing Officer of attempting to harm Judge Lopez (See Par 7 of Complaint) Irrespective of this, the Plaintiff was disbarred in part because of the alleged harm to Judge Lopez. Any statements the Plaintiff made

concerning Judge Lopez were true, and the Plaintiff
had a good faith belief they were true.

29. Having been acquitted by the Special Hearing
Officer, the Court violated his rights when he was
disbarred.

WHEREFORE THE PLAINTIFF MOVES FOR JUDGMENT UNDER COUNT
FOUR

## COUNT FIVE VIOLATION OF ARTICLE SIX OF THE
## CONSTITUTIONAL RIGHT OF CONFRONTATION OF WITTNESSES:

30. The Plaintiff reaffirms and realleges paragraphs
1-29 of this Complaint and incorporates them by
reference as if specifically pled herein.

31. The Special Hearing Officer originally quashed a
subpoena on Judge Lopez.  The Supreme Judicial Court
Greeney,J.  modified that (See C).  However, on the
state of the evidence and the charges, Judge Lopez
was not a necessary witness.  However, as result the
Supreme Judicial Court decision which created new
issues,Lopez would have been a necessary witness on
these new issues created, i.e.the O'Rourke  and
Demoulas.cases

WHEREFORE THE PLAINTIFF MOVES FOR  JUDGMENT UNDER COUNT

FIVE.

**WHEREFORE, THE PLAINTIFF PRAYS THE FOLLOWING PRAYERS BE ENTERED**:

    1. That the Defendants jointly and severally are judicially estopped from denying the issues as set forth in Paragraphs 1-31 and the Judgment of Acquittal.

    2. That his license be restored to the day of it being stricken.

    3. For all legal fees and costs of suit.

**By his attorney**

**Kathleen M Curry Esq.**
**50 Congress Street**
**Boston, Mass 02108**
**BBO 109990**
**Email Kcurrylaw@aol.com**